IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RAZBERRY JOHNSON, # 279328, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:21cv341-WHA-CSC |
| DEBORAH TONEY, *et al.,* | ) | (WO) |
| | ) | |
| Respondents. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Alabama inmate Razberry Johnson has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges his 2011 convictions for sodomy, sexual abuse, and child abuse. Doc. 1.[1] For the reasons discussed below, the court recommends that Johnson's petition be denied as time-barred under the federal statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

### I. BACKGROUND

**A.  Johnson's State Court Proceedings**

###### 1.  *Conviction and Direct Appeal*

On June 23, 2011, a Montgomery County jury found Johnson guilty of two counts of first-degree sodomy in violation of ALA. CODE § 13A-6-63, two counts of first-degree sexual abuse in violation of ALA. CODE § 13-6-66, and two counts of child abuse in

---

[1] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

violation of ALA. CODE § 25-15-3. Doc. 9-3 at 38–39. On July 22, 2011, the trial court sentenced Johnson to 99 years in prison for each count of sodomy and to 10 years in prison for each count of sexual abuse and child abuse; the sentences were ordered to run consecutively. Doc. 9-3 at 45.

Johnson appealed, arguing that (1) the trial court erred in allowing irrelevant and prejudicial testimony from a forensic interviewer and an examining nurse, and (2) the verdict was contrary to the great weight of the evidence. Doc. 9-4. On May 11, 2012, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Johnson's convictions and sentence. Doc. 9-6. Johnson did not apply for rehearing, and he did not file a petition for a writ of certiorari with the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on May 30, 2012. Doc. 9-7.

### 2. *Johnson's Six Alabama Rule 32 Petitions*

On May 27, 2013, Johnson filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc. 9-8 at 1–11. In his Rule 32 petition, Johnson claimed that his lawyer rendered ineffective assistance of counsel by failing to move for a new trial. *Id*. at 5, 9–11. On August 27, 2014,

---

[2] The court applies the "prison mailbox rule" to determine the filing dates of Johnson's Rule 32 petition and his federal habeas petition. Under the prison mailbox rule, a *pro se* petition is deemed to be filed on the date a prisoner delivers the petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). Johnson's Rule 32 petition was date-stamped "FILED" by the clerk of the trial court on May 31, 2013. Doc. 9-8 at 1. However, Johnson represented that he signed the Rule 32 petition on May 27, 2013. Doc. 9-8 at 8. Applying the prison mailbox rule, the court presumptively deems the signing date to be the date Johnson delivered the Rule 32 petition to prison authorities for mailing.

the trial court entered an order denying Johnson's Rule 32 petition. Doc. 9-10. Johnson did not appeal that denial.

After the denial of his first Rule 32 petition, Johnson filed five more Rule 32 petitions attacking his conviction and sentence. The first of those five subsequent petitions (i.e., Johnson's second Rule 32 petition) was filed on October 26, 2015, and it was denied by the trial court on November 30, 2015. Docs. 9-12 & 9-14. Johnson appealed that denial but later moved to dismiss the appeal. Doc. 9-15 at 4. The Alabama Court of Criminal Appeals dismissed Johnson's appeal and issued a certificate of judgment on March 29, 2016. Docs. 9-16 & 9-17.

Johnson filed his next Rule 32 petition, his third, on March 31, 2016. Doc. 9-18. After the trial court denied Johnson's *in forma pauperis* request accompanying that petition on April 20, 2016 (Doc. 9-19), Johnson did not appeal.

Johnson filed a fourth Rule 32 petition on January 23, 2017. Doc. 9-21. The trial court denied that petition on August 9, 2017. Doc. 9-23. Johnson appealed, but his appeal was dismissed based on his failure to pay a filing fee or to request *in forma pauperis* status, and the Alabama Court of Criminal Appeals issued a certificate of judgment on December 12, 2017. Doc. 9-24 at 4–5; Docs. 9-25 & 9-26.

Johnson filed a fifth Rule 32 petition on January 4, 2019. Doc. 9-27. The trial court dismissed that petition on January 28, 2019, after Johnson failed to pay a filing fee as ordered (Doc. 9-28), and Johnson took no appeal.

Johnson filed his sixth and most recent Rule 32 petition on September 8, 2020. Doc. 30. The trial court denied that petition on November 10, 2020 (Doc. 9-32), and Johnson did not appeal.

**B.     Johnson's § 2254 Petition**

Johnson filed this § 2254 petition on May 5, 2021.[3] Doc. 1. In his petition, he claims that (1) his trial counsel was ineffective for not objecting to a State's witness testifying without first having been sworn in, and (2) his trial counsel was ineffective for failing to call defense witnesses requested by Johnson. Doc. 1 at 5; Doc. 1-2 at 4–9. Respondents argue that Johnson's § 2254 petition is time-barred by AEDPA's statute of limitations. Doc. 9 at 13–15. The undersigned agrees and recommends that the petition be denied and that this case be dismissed with prejudice.[4]

## II.     DISCUSSION

**A.     AEDPA's One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[3] Johnson's § 2254 petition was date-stamped as received by the court on May 10, 2021. Doc. 1 at 1. However, Johnson represents that he delivered the petition to prison authorities for mailing on May 5, 2021. Doc. 1 at 15.

[4] Respondents also argue that Johnson's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Doc. 9 at 15–18. Because the petition is time-barred, the court pretermits discussion of Johnson's procedural default.

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1. *Computation of Timeliness of § 2254 Petition*

In most cases, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Here, the Alabama Court of Criminal Appeals affirmed Johnson's conviction on direct appeal in a memorandum opinion issued on May 11, 2012. Doc. 9-6. Johnson did not apply for rehearing with that court or seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued its certificate of judgment in the direct review proceedings on May 30, 2012. Doc.

9-7. Thus, for purposes of § 2244(d)(1)(A), Johnson's conviction became final on May 30, 2012. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006). On that date then, the AEDPA's one-year statute of limitations began to run. Absent some effective tolling event, whether statutory or equitable, Johnson had until May 30, 2013, to file a timely § 2254 petition.

### 2. *Statutory Tolling*

Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitations period is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). As recounted above, on May 27, 2013, when 362 days of the limitations period had run,[5] Johnson filed his first Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled the AEDPA's statute of limitations. Because Johnson did not appeal from the trial court's August 27, 2014 ruling denying his Rule 32 petition, the state court proceedings on the Rule 32 petition concluded on October 8, 2014, i.e., 42 days after the trial court's ruling. *See* Ala. R. App. P. 4; Ala. R. Crim. P. 32.10(a). With the conclusion of the Rule 32 proceedings, the AEDPA's statute of limitations began to run again with only 3 days (365 days - 362 days) left on the federal clock.[6] The record reflects that no other tolling event occurred during those final 3 days. Thus, the court finds that

---

[5] That is, from May 30, 2012 to May 27, 2013.

[6] Section 2244(d)(2) operates as a "stop-start" provision that requires a court to consider any time during which no state action is pending. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

6

Johnson had until October 13, 2014 (the first business day after Saturday October 11, 2014)[7] to file a timely § 2254 petition.

As indicated above, Johnson filed five more Rule 32 petitions after his initial Rule 32 petition was denied. Of those five subsequent petitions, the first was filed on October 26, 2015, and it was denied by the trial court on November 30, 2015. The filing of that Rule 32 petition—and any related proceedings that followed—had no tolling effect under § 2244(d)(2), because the AEDPA's statute of limitations expired for Johnson on October 13, 2014—well before the Rule 32 petition was filed. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Likewise, none of the next four Rule 32 petitions filed by Johnson had a tolling effect under § 2244(d)(2), because they too were filed well after the AEDPA's statute of limitations expired.

Johnson sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases

---

[7] October 11, 2014 was 3 days after October 8, 2014.

7

on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.

Here, then, the AEDPA's statute of limitations expired on October 13, 2014. Johnson filed his § 2254 petition on May 5, 2021—making it untimely under the statute by over 6 years.

### 3. *Equitable Tolling*

The AEDPA's limitations period may be equitably tolled on grounds besides those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing that equitable tolling is warranted falls upon the petitioner. *Hunter*, 587 F.3d at 1308.

Johnson contends he is entitled to equitable tolling of the AEDPA's statute of limitations (Doc. 1-2 at 15), but he makes no plausible argument demonstrating equitable tolling should be applied in his case. He merely asserts that the failure of his claims in state court and his inability, under state procedural rules, to return to state court to assert (or reassert) his claims warrant equitable tolling to excuse the untimeliness of his § 2254

8

petition. Doc. 1-2 at 15. Johnson's mere assertion does not show that an "extraordinary circumstance" stood in his way to prevent his timely filing of a § 2254 petition or that he pursued his rights diligently in an effort to file his petition. *See Holland*, 560 U.S. at 649. Thus, Johnson does not meet his burden of showing that equitable tolling is warranted in his case, and his petition is subject to dismissal for untimeliness.

**B.     Actual Innocence**

Even when no basis exists for tolling the AEDPA's statute of limitations, it has been recognized that an untimely petition can be considered if there is a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). A petitioner so asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

9

Johnson asserts his actual innocence as a gateway to review of the claims in his time-barred § 2254 petition. Doc. 1 at 13; Doc. 1-2 at 10–14. However, Johnson's arguments in this regard, which comprise allegations that the State's witnesses were not credible and his mere assertion of innocence, amount to challenges to the sufficiency and weight of the trial evidence. Doc. 1-2 at 10–14. Such allegations and assertions do not constitute "new reliable evidence" and are grossly insufficient to sustain a claim of actual innocence. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence). Put most succinctly, "the actual innocence exception remains only a safety valve for the extraordinary case," *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted), and Johnson does not present that case.

Because he points to no new reliable evidence to support a claim of actual innocence, Johnson fails to satisfy the actual-innocence exception to the habeas statute's

time-bar as articulated in *Schlup*. Therefore, the claims in Johnson's time-barred § 2254 petition are not subject to federal habeas review.[8]

### III.  CONCLUSION

For these reason, it is the RECOMMENDATION of the Magistrate Judge that Johnson's § 2254 petition be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that, by **November 25, 2022**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

---

[8] Throughout his pleadings, Johnson argues that his claims of ineffective assistance of counsel are reviewable on the merits based on the principles of the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). Doc. 1-2 at 2–9; Doc. 17 at 3. However, the *Martinez* rule "explicitly relates to excusing a procedural default of ineffective-trial-counsel claims [during an initial-review collateral proceeding] and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014). *See, also e.g., Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1262 (11th Cir. 2014); *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 945–46 (11th Cir. 2014). Consequently, *Martinez* provides no basis for this court to ignore the statute of limitations and review Johnson's ineffective-assistance claims

11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of November, 2022.

                /s/ Charles S, Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE